Matter of Flaum (2021 NY Slip Op 06997)





Matter of Flaum


2021 NY Slip Op 06997


Decided on December 15, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS, JJ.


2020-02888

[*1]In the Matter of Neil R. Flaum, admitted as Neil Russell Flaum, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Neil R. Flaum, respondent. (Attorney Registration No. 1029149)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Ninth Judicial District and the respondent, Neil R. Flaum, for discipline on consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 25, 1976, under the name Neil Russell Flaum.



Catherine A. Sheridan, Acting Chief Counsel, White Plains, NY (Forrest Strauss of counsel), for petitioner.
Neil R. Flaum, Yonkers, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a notice of petition and a verified petition, both dated March 6, 2020. The respondent filed an answer dated March 25, 2020. The Grievance Committee thereafter filed a statement of disputed and undisputed facts on April 21, 2020. By decision and order dated October 1, 2020, inter alia, the matter was referred to John J. Halloran, Jr., as Special Referee, to hear and report.
The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent, and request the imposition of a one-year suspension. As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation dated November 12, 2020, in support of the motion. In addition, the respondent has submitted an affidavit sworn to on November 12, 2020, attesting, inter alia, to various mitigating circumstances. By virtue of the stipulation of facts presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:
On or about March 25, 2013, the respondent represented the seller, Rashad Kaldany, at a title closing for the sale of an apartment in a building located on Leroy Street in Manhattan (hereinafter the apartment). At the closing, the respondent disbursed several checks from the trust account of "Flaum & Associates, PC - IOLA," maintained at the Hudson Valley Bank (now Sterling National Bank), account ending in 6701 (hereinafter the trust account), thereby drawing upon the buyer's down payment, which had previously been deposited in the trust account. Among the checks the respondent disbursed from the trust account at that time was check No. 1221, in the amount of $7,837.50, payable to the New York City Department of Finance, as and for the payment of New York City transfer tax due from the sale of the apartment. Subsequently, check No. 1221 was not presented for payment or negotiated against the respondent's trust account.
In 2015, the respondent was contacted by Kaldany regarding an alleged tax [*2]discrepancy concerning the payment of the transfer tax made by check No. 1221. In response, on or about November 20, 2015, the respondent sent Kaldany a copy of the front of check No. 1221 as evidence that he had paid the transfer tax at the closing, and thereafter, on or about March 17, 2016, forwarded a second copy of the front of that check to Kaldany.
On or about December 27, 2016, after Kaldany kept insisting that the respondent owed him money for the tax deficiency notice he had received, the respondent wrote to Kaldany, informing Kaldany that he was in error and that the respondent owed him no funds. During the period between Kaldany's first post-closing inquiry and on or after December 27, 2016, despite the fact that Kaldany made several more inquiries, the respondent failed to confirm that check No. 1221 had actually cleared, that the transfer tax had actually been received, and/or whether any further appropriate action regarding that issue was required. In September 2017, Kaldany filed a grievance against the respondent, alleging that he had received a tax deficiency notice due to the respondent's alleged failure to pay the transfer tax owed on the sale of the apartment.
During the course of the Grievance Committee's investigation into the Kaldany grievance, the respondent learned that check No. 1221 had, in fact, never been presented for payment. The respondent explained that, prior to in or about June 2014, he relied upon his support staff to regularly review and reconcile the trust account; however, the last member of the respondent's support staff left his employ in or about June of 2014. The respondent admits that from that point and continuously thereafter through sometime on or after August 7, 2018, he failed to regularly reconcile the trust account and/or any of the individual client benefit trust sub-accounts associated therewith.
On August 7, 2018, the respondent disbursed check No. 1437 from the trust account, in the amount of $7,837.50, payable to the New York City Department of Finance, as a replacement for check No. 1221. Since check No. 1221 had never been paid, the balance in the trust account should have remained at or above $7,837.50 at all times between March 25, 2013, and on or about August 7, 2018. However, bank records confirm that, between on or about December 12, 2014, and on or after May 8, 2017, the balance in the trust account fell below $7,837.50 on 14 different occasions. Subsequently, when the respondent reconciled the trust account for the month of August 2018, he learned that check No. 1437 also had not been presented for payment. Beginning in or about early July 2020, the respondent began preparing the necessary paperwork to file along with the $7,837.50 payment to satisfy the transfer tax for the March 25, 2013 sale of the apartment.
As required by 22 NYCRR 1240.8(a)(5)(iii), the respondent has submitted an affidavit with this motion in which he conditionally admits the foregoing facts, and that those facts establish that on 14 separate occasions funds entrusted to him incident to his practice of law were invaded, in part as a result of his failure to timely and regularly reconcile the trust account, and that he failed to act with reasonable diligence and promptness in representing a client and therein neglected a legal matter entrusted to him by a client, in violation of rules 1.15(a) and 1.3(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. The respondent consents to the agreed discipline of a one-year suspension from the practice of law, which consent is given freely and voluntarily without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline.
In mitigation, the respondent requests this Court to consider, inter alia, his community involvement and his otherwise unblemished disciplinary history in more than 45 years of practice.
As to the appropriate sanction, the parties contend that a one-year suspension is in accord with precedent from this Court under similar circumstances.
Based on the foregoing, we find that the joint motion for discipline on consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that a suspension from the practice of law for a period of one year is warranted in view of the totality of the circumstances, including the respondent's admitted misconduct as well as the mitigating factors presented herein.
LASALLE, P.J., MASTRO, RIVERA, DILLON, and CHAMBERS, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent is granted; and it is further,
ORDERED that the respondent, Neil R. Flaum, admitted as Neil Russell Flaum, is suspended from the practice of law for a period of one year, commencing January 17, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 17, 2022. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to [*3]practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Neil R. Flaum, admitted as Neil Russell Flaum, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Neil R. Flaum, admitted as Neil Russell Flaum, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Neil R. Flaum, admitted as Neil Russell Flaum, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
LASALLE, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court